UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INDEPENDENT FILM SOCIETY OF BOSTON, INC.,<br><br>                                  Plaintiff,<br><br>             v.<br><br>BOSTON INTERNATIONAL FILM FESTIVAL INC.,<br><br>                                  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION<br>NO. 16-11552 |

## COMPLAINT AND JURY DEMAND

Plaintiff Independent Film Society of Boston, Inc. ("Independent Film Society of Boston" or "Plaintiff") complains and alleges as follows:

## INTRODUCTION

1.      This is an action at law and in equity for trademark infringement, false designation of origin, unfair competition, and unfair and deceptive business practices arising under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq*. (the "Lanham Act"), Chapter 93A of the Massachusetts General Laws, and the common law of Massachusetts.

## PARTIES

2.      Plaintiff Independent Film Society of Boston, Inc. is not-for-profit corporation duly organized under the laws of Massachusetts, with its principal place of business in Somerville, Massachusetts.

3.      Upon information and belief, defendant Boston International Film Festival Inc. ("BI Film Festival") is a corporation duly organized under the laws of Massachusetts with its principal place of business in Boston, Massachusetts.

- 1 -

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

5.     Upon information and belief, personal jurisdiction over BI Film Festival is established pursuant to at least the following:

(a)     Mass. Gen. Laws ch. 223A, § 3(a) based on the continuous and systematic activity, and purposeful availment, of BI Film Festival, directly and/or through any agent, in this Commonwealth; and/or Plaintiff's claims arising, in part or in whole, from BI Film Festival's transaction of business, directly and/or through any agent, in this Commonwealth; and/or

(b)     Mass. Gen. Laws ch. 223A, § 3(d) in that BI Film Festival caused tortious injury in this Commonwealth by an act or omission outside this Commonwealth and, directly and/or through any agent, regularly does or solicits business, and engages in other persistent course of conduct in this Commonwealth, and, directly and/or through any agent, derives substantial revenue from goods used or services rendered in this Commonwealth.

6.     Venue is proper in this district under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

### *Independent Film Society of Boston*

7.     Independent Film Society of Boston is a not-for-profit corporation based in Somerville, Massachusetts.

8.     In 2003, Independent Film Society of Boston created the Independent Film Festival Boston ("IFF Boston"), a not-for-profit film festival in Boston.

9.      Taking place each spring in the Boston area's historic independent art-house cinemas, IFF Boston screens over 100 films, and hosts multiple panels and parties.

10.     IFF Boston also maintains a year-round presence through its Screening Series and Fall Focus mini-festival.

11.     IFF Boston was named Boston Society of Film Critics top five film series in 2003, named "Best Film Festival" in Boston Magazine's 2016 annual "Best of Boston" issue, and has received numerous "Best Film Festival" awards from the editors and readers of The Boston Phoenix, Dig Boston, and Boston's A-List.

12.     IFF Boston has also received a commendation from the prestigious Boston Society of Film Critics.

### *The IFF BOSTON Marks*

13.     Independent Film Society of Boston has been using the marks IFF BOSTON, IFFBOSTON, and IFFB (the "IFF BOSTON Marks") in connection with its film festival since 2003, including in connection with its website (www.iffboston.org), Twitter handle (@IFFBoston) and Facebook page (https://www.facebook.com/iffboston/), and Plaintiff has thereby developed widespread recognition of, and substantial rights in, these marks.

14.     The IFF BOSTON Marks are non-functional and the public recognizes and understands that the IFF BOSTON Marks distinguish and identify goods and services produced or sponsored by Plaintiff.

15.     For several years, Plaintiff has extensively and continuously used and promoted the IFF BOSTON Marks in connection with its film festival and related services.

16.     Plaintiff has expended great effort in making the IFF BOSTON Marks well-known to the public.  Plaintiff has established a reputation for excellence, quality and reliability in connection with the film festival and related services that it provides in conjunction with the IFF BOSTON Marks.

17.     As a result of Plaintiff's efforts and expenditures, and as a result of Plaintiff's superior reputation, Plaintiff enjoys virtually universal recognition of the IFF BOSTON Marks in connection with its film festival and related services.

18.     The IFF BOSTON Marks have become well-known and are recognizable to the public as being associated with the goods and services provided by or affiliated with Plaintiff.

### *BI Film Festival's Unlawful Conduct*

19.     Upon information and belief, BI Film Festival is a film festival in Boston, Massachusetts that was created in 2003 by Patrick Jerome.

20.     Upon information and belief, between 2003 and 2008, BI Film Festival held its annual festival in the summer, several weeks after the IFF Boston was held each year in the spring.

21.     In or around 2009, BI Film Festival changed the date of its festival from June to April, thus coinciding within a week or two of the IFF Boston.

22.     Since then, BI Film Festival has kept its festival in close proximity to the date for the IFF Boston.

23.     In 2015, Plaintiff learned that BI Film Festival had begun promoting its festival using the marks BOSTON IFF and BOSTONIFF (the "BOSTON IFF Marks"), marks remarkably similar to the IFF BOSTON Marks.

24.     Plaintiff also understands that around that same time BI Film Festival moved away from its website at www.bifilmfestival.com and began using the website www.bostoniff.org.

25.     BI Film Festival further began promoting its festival using the BOSTON IFF Marks on social media websites.

26.     Although Plaintiff had concerns about BI Film Festival marketing its festival with the BOSTON IFF Marks, it did not contact BI Film Festival right away.  Rather, it waited to see if any filmmakers or other members of the public were confused by BI Film Festival's name change.

27.     Not surprisingly, and exacerbated by the close proximity in dates between the festivals, the public has been confused by the name change.  For example, in addition to numerous people tagging the incorrect Twitter handle when tweeting about the IFF Boston and Boston IFF Festivals, several film producers and/or directors have mistakenly submitted their movies to BI Film Festival thinking that it was the IFF Boston because of the nearly identical Boston IFF name.

28.     Indeed, indicative of confusion *within* BI Film Festival itself, in 2015, BI Film Festival retweeted a tweet by Alexie Gilmore, lead actress in "Willow Creek" (a movie that premiered at IFF Boston), which she mistakenly tagged with the @bostoniff handle.  Thus, using the handle @bostoniff, BI Film Festival tweeted a picture promoting a film that premiered at IFF Boston.

29.     BI Film Festival and the goods and services marketed, sold, distributed, and offered for sale by BI Film Festival in connection with confusingly similar imitations of the

IFF BOSTON Marks are not associated with or connected to Plaintiff, nor licensed, authorized, sponsored, endorsed, or approved by Plaintiff in any way.

30.    Film directors, producers, actors and actresses, as well as purchasers, prospective purchasers and others viewing BI Film Festival 's confusingly similar imitations of the IFF BOSTON Marks in connection with BI Film Festival's goods and services are likely to mistakenly attribute the goods and services to Plaintiff.   BI Film Festival's activities are therefore likely to cause confusion before, during, and after the time of purchase or use of BI Film Festival's goods and services.  This is particularly damaging with respect to those persons who may perceive a defect or lack of quality in BI Film Festival's reputation, products, or services.  By causing such a likelihood of confusion, mistake, and deception, BI Film Festival has inflicted irreparable harm to Plaintiff's goodwill in the IFF BOSTON Marks, and the reputation for quality and excellence that they embody, and that harm is ongoing.

31.    On information and belief, BI Film Festival knowingly, willfully and intentionally used the IFF BOSTON Marks to trade on the goodwill symbolized by the IFF BOSTON Marks and the reputation for quality and excellence that they embody.

32.    Upon information and belief, BI Film Festival has deliberately employed the BOSTON IFF Marks to mislead and confuse consumers into believing that BI Film Festival's goods and services are endorsed, sponsored, affiliated with, licensed or approved by Plaintiff.

33.    BI Film Festival thus unfairly benefits from the goodwill and excellent reputation of the IFF BOSTON Marks established by Plaintiff throughout the New England area and elsewhere at great effort and expense.

34.     BI Film Festival has not now, and has never been, authorized by Plaintiff to use the IFF BOSTON Marks in connection with any goods or services, nor has Plaintiff consented to any such use.

## COUNT I

**(Federal Unfair Competition, Trademark Infringement, and False Designation of Origin - Lanham Act § 43(a))**

35.     Plaintiff repeats the allegations in each of the above paragraphs as if fully re-alleged herein.

36.     Through extensive use of the IFF BOSTON Marks for several years, Plaintiff has developed extensive goodwill rights in said marks, which goodwill is protected by, *inter alia*, Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

37.     BI Film Festival's use of the BOSTON IFF Marks has caused and/or is likely to cause confusion, deception, and mistake by creating the false and misleading impression that BI Film Festival's goods and services are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

38.     BI Film Festival has made false representations, false descriptions, and false designations of origin of their goods and services in violation of 15 U.S.C. § 1125(a), and BI Film Festival's activities have caused and, unless enjoined by this court, will continue to cause a likelihood of confusion and deception of members of the public and, additionally, injury to Plaintiff's goodwill and reputation as embodied in the IFF BOSTON Marks, for which Plaintiff has no adequate remedy at law.

39.     BI Film Festival's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the IFF BOSTON Marks to the great and irreparable injury to Plaintiff.

40.     BI Film Festival's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover BI Film Festival's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116 and 1117.

## COUNT II

**(Common Law Unfair Competition and Trademark Infringement)**

41.     Plaintiff repeats the allegations in each of the above paragraphs as if fully re-alleged herein.

42.     For many years, Plaintiff has made exclusive use of the IFF BOSTON Marks in connection with its film festival and related services.

43.     The IFF BOSTON Marks are unique and distinctive.

44.     Both Plaintiff and BI Film Festival are engaged in trade and commerce in the Commonwealth of Massachusetts.

45.     BI Film Festival's use of the BOSTON IFF Marks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that BI Film Festival's goods and services have the sponsorship, endorsement, or approval of Plaintiff.

46.     BI Film Festival, by virtue of its acts as alleged above, has willfully, knowingly, maliciously and intentionally engaged in acts of unfair competition under the common law of the Commonwealth of Massachusetts.

47.     BI Film Festival's conduct has caused, and if not enjoined, will continue to cause irreparable damage to Plaintiff in a manner that cannot be calculated or compensated in money damages.  Plaintiff has no adequate remedy at law.

48.     As a result of BI Film Festival's acts, Plaintiff has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Plaintiff is entitled to injunctive relief, to an accounting of BI Film Festival's profits, to damages, and to costs.

49.     BI Film Festival's conduct as described above has been willful, wanton, reckless, and in violation of the rights of Plaintiff.  In light of the deliberate and malicious use of the confusingly similar BOSTON IFF Marks, and the need to deter BI Film Festival from similar conduct in the future, Plaintiff additionally is entitled to punitive damages.

## COUNT III

### (Violation of M.G.L. c. 93A)

50.     Plaintiff repeats the allegations in each of the above paragraphs as if fully re-alleged herein.

51.     At all times relevant hereto, BI Film Festival was engaged in trade or commerce within the meaning of M.G.L. c. 93A, §§ 2, 9.

52.     BI Film Festival's conduct, as described above, constitutes unfair and deceptive acts or practices within the meaning of M.G.L. c. 93A, §§ 2, 9.

53.     BI Film Festival committed its unfair and deceptive acts and practices knowingly and willfully.

54.     BI Film Festival's unfair and deceptive conduct occurred primarily and substantially within the Commonwealth of Massachusetts.

55.     As a result of BI Film Festival's unfair and deceptive conduct, Plaintiff have suffered, and continue to suffer, injury.

**WHEREFORE**, Plaintiff respectfully prays for an order and judgment from this Court that:

A. BI Film Festival, by its adoption and usage of the BOSTON IFF Marks, has infringed Plaintiff's trademark rights in the IFF BOSTON Marks and intentionally and willfully committed unfair competition in violation of 15 U.S.C. § 1125(a).

B. BI Film Festival, by its adoption and usage of the BOSTON IFF Marks, has infringed Plaintiff's common law rights to the IFF BOSTON Marks and has committed common law trademark infringement.

C. BI Film Festival, by reason of its actual knowledge of Plaintiff's prior use and appropriation of the IFF BOSTON Marks, violated Plaintiff's trademark rights knowingly and willfully.

D. BI Film Festival, by its activities that have occurred primarily and substantially in Massachusetts, has engaged in unfair and deceptive acts and practices knowingly and willfully in violation of M.G.L. ch. 93A.

E. BI Film Festival, its officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates and related companies and all persons acting for, with, by, through or under them, and each of them, be temporarily enjoined from, and preliminarily and thereafter permanently enjoined and restrained from:

(i) using in any manner the marks BOSTON IFF or BOSTONIFF, or any other trade name, trademark, trade dress or service mark that is confusingly similar to the IFF BOSTON Marks, in connection with the

        sale, offering for sale, distribution, marketing, advertising or promotion of goods or services;

(ii)    using any trademark, trade dress, service mark, name, logo, design or source designation of any kind on or in connection with BI Film Festival's sale, offering for sale, distribution, marketing, advertising or promotion of goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff; and

(iii)    engaging in any other activity constituting an infringement of Plaintiff's trademark rights or otherwise unfairly competing with Plaintiff in any way.

F.    BI Film Festival be directed to send and make public, within 30 days of the granting of this Order, curative statements approved in advance by Plaintiff, including a formal retraction by means of a national e-mail campaign and a direct mailing to all of BI Film Festival's customers, and a full-page advertisement in the appropriate publications, or other corrective action approved by Plaintiff, to ensure that consumers are not further mislead by BI Film Festival 's claims.

G.    BI Film Festival  be directed to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of Judgment a report in writing under oath setting forth in detail the manner and form in which BI Film Festival  complied with the requirements of the Injunction and Order.

H.   BI Film Festival  be required to account for and pay over to Plaintiff all profits realized by BI Film Festival by reason of its unlawful acts alleged herein, in an amount to be proven at trial.

I.   Plaintiff be awarded all damages caused by the acts forming the basis of this Complaint.

J.   Based on BI Film Festival's knowing and intentional use of the confusingly similar BOSTON IFF Marks, the damages award be trebled and the award of BI Film Festival 's profits be enhanced as provided for by 15 U.S.C. § 1117(a).

K.   BI Film Festival be required to pay to Plaintiff all of its costs, disbursements, and reasonable attorneys' fees that Plaintiff have incurred and will incur in this action pursuant to 15 U.S.C. § 1117(a).

L.   Plaintiff be awarded damages in an amount sufficient to cover the damages caused to it by BI Film Festival 's unlawful conduct, and that those damages be trebled pursuant to M.G.L. ch. 93A.

M.   Based on BI Film Festival's willful and deliberate infringement of the IFF BOSTON Marks, and to deter such conduct in the future, Plaintiff be awarded punitive damages.

N.   Plaintiff be awarded such other and further relief as the Court may deem appropriate to prevent the infringement, disparagement, or dilution of the IFF BOSTON Marks, and to prevent further and/or additional acts of unfair competition by BI Film Festival.

O.   Plaintiff be awarded prejudgment interest.

P.      Plaintiff be awarded attorneys' fees and costs.

Q.      Plaintiff be awarded such other relief as the court deems proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all matters and issues triable by a jury.


Respectfully submitted,

**INDEPENDENT FILM SOCIETY OF
BOSTON, INC.**

By Its Attorneys,


/s/ Lawrence T. Stanley, Jr.
Joshua M. Dalton, BBO #636402
josh.dalton@morganlewis.com
Lawrence T. Stanley, Jr., BBO #657381
lawrence.stanley@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, Massachusetts  02110-1726
617-341-7700

Dated: July 27, 2016